**BRYAN CAVE LLP**
James Goldberg (SBN 107990;
james.goldberg@bryancave.com)
Stephanie Blazewicz (SBN 240359;
stephanie.blazewicz@bryancave.com)
Two Embarcadero Center, Suite 1420
San Francisco, California 94111
Phone:  415-675-3400
Fax:     415-675-3434

Attorneys for Defendants
First American Title Insurance Company
First American SMS, Inc. a/k/a SMS
Settlement Services

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL JANKANISH and HEATHER JANKANISH, a married couple, DAVID L. MCFERRIN, and PAIGE L. PERISICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN SMS, INC. a/k/a SMS SETTLEMENT SERVICES,<br><br>Defendants. | Case No. CV-08-2460-EMC<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO TRANSFER PURSUANT TO 28 U.S.C. § 1404 (a) AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:     August 11, 2008<br>Time:                9:00 a.m.<br>Courtroom:     _____, _____ Floor<br>Judge: Honorable _____<br><br>Complaint Filed: May 14, 2008 |

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

## NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR COUNSEL**

PLEASE TAKE NOTICE THAT on August 11, 2008, at 9:00 a.m., or such other time as may be determined by the Court, in Courtroom ___ , located at U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendants First American Title Insurance Company and First American Professional Real Estate Services, Inc. (collectively "First American") will, and hereby do, move this Court, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the Western District of Washington. This motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the First Amended Complaint (ECF Doc. 5 - "FAC") and the Declarations of Brenda Rawlins and Charles Schultz.

Dated:      July 3, 2008                 Respectfully submitted,

                                         BRYAN CAVE LLP


                                         By: _____
                                               James Goldberg
                                             Attorneys for Defendants
                                             First American Title Insurance Company
                                             and First American Professional Real Estate
                                             Services, Inc.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

-1-

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................ 1

II. BACKGROUND ............................................................................................ 2

    A.    Plaintiffs' Real Estate Transactions ........................................................ 2

    B.    First American ........................................................................................ 3

    C.    Plaintiffs' Lack of Connection to California ........................................... 3

III. ARGUMENT ............................................................................................... 4

    A.    This Action Could Have Been Brought in the Western District of Washington. ............................................................................................. 4

    B.    Convenience of All Favors Transfer ...................................................... 5

          1.    The Relevant Agreements Were Negotiated in Washington ....... 6

          2.    Washington Is Most Familiar With The Governing Law ............ 7

          3.    Plaintiffs' Forum Choice Is Not Entitled to Deference .............. 7

          4.    Plaintiffs' and Their Claims Have No Nexus With California.... 8

          5.    Third-Party Witnesses Are in Washington ................................. 9

          6.    Proofs Are All Located in Washington ...................................... 10

    C.    The Interests of Justice Mandate Transfer ........................................... 10

IV. CONCLUSION ........................................................................................... 11

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANTS' MOTION TO TRANSFER – CV-08-2460-EMC

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A.J. Industries, Inc. v. U.S. District Court,*
    503 F.2d 384 (9th Cir. 1974)..................................................................................4, 5

*Carolina Casualty Co v. Data Broadcasting Corporation,*
    158 F. Supp. 2d 1044 (N.D. Cal. 2001) ........................................................... 10

*Churchill Village, L.L.C. v. General Electric Co.,*
    169 F. Supp. 2d 1119 (N.D. Cal. 2000) .............................................................. 7

*Commercial Solvents Corp. v. Liberty Mutual Insurance,*
    371 F. Supp. 247 (S.D. N.Y. 1974).................................................................... 9

*Commodity Futures Trading Commission v. Savage,*
    611 F.2d 270 (9th Cir. 1979)............................................................................. 4

*DirecTV, Inc. v. EQ Stuff, Inc.,*
    207 F. Supp. 2d 1077 (C.D. Cal. 1998)............................................................. 6

*Feldman Associates, Division of Advertising & Design Services, Ltd. v. Lingard & Associates, Inc.,*
    676 F. Supp. 877 (N.D. Ill. 1988) ..................................................................... 9

*Florens Container Co. v. Cho Yang Shipping,*
    245 F. Supp. 2d 1086 (N.D. Cal. 2002) ............................................................ 8

*Hatch v. Reliance Insurance,*
    758 F.2d 409 (9th Cir. 1985).............................................................................. 4

*Hernandez v. Graebel Van Lines,*
    761 F. Supp. 983 (E.D. N.Y. 1991).................................................................. 11

*Hoffman v. Blaski,*
    363 U.S. 335 (1960) .......................................................................................... 4

*Jones v. GNC Franchising, Inc.,*
    211 F.3d 495 (9th Cir. 2000)............................................................................. 6

*Koster v. American Lumbermans Mutual Casualty Co.,*
    330 U.S. 518 (1947) .......................................................................................... 8

*Los Angeles Memorial Coliseum Commission v. NFL,*
    89 F.R.D. 497 (C.D. Cal. 1981) ........................................................................ 4

*Lou v. Belzberg,*
    834 F.2d 730 (9th Cir. 1987)..........................................................................5, 8

*Matthews v. North Slope Borough,*
    646 F. Supp. 943 (D. Alaska 1986)................................................................... 9

*Meijer, Inc. v. Abbott Laboratories,*
    544 F. Supp. 2d 995 (N.D. Cal. 2008) .............................................................. 4

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

*In re National W. Life Insurance Deferred Annuities Litigation*,
    467 F. Supp. 2d 1071 (S.D. Cal. 2006) .................................................................. 7

*Piper Aircraft v. Reyno*,
    454 U.S. 235 (1981) ............................................................................................. 8

*Randall v. Jenkins*,
    271 F. Supp. 904 (E.D. Pa. 1967) ........................................................................ 9

*Ricoh Co. v. Honeywell, Inc.*,
    817 F. Supp. 473 (D. N.J. 1993) ..................................................................... 8, 10

*So-Committee, Inc. v. Reynolds*,
    607 F. Supp. 663 (N.D. Ill. 1985) ........................................................................ 9

*Truserv Corp. v. Neff*,
    6 F. Supp. 2d 790 (N.D. Ill. 1998) ...................................................................... 8

*Vassallo v. Niedermeyer*,
    495 F. Supp. 757 (S.D. N.Y. 1980) ....................................................................... 9

*In re: Wells Fargo Overtime Pay Litigation*,
    2007 U.S. Dist. LEXIS 60551 (N.D. Cal. Aug. 16, 2007) .................................... 7

*Zeta-Jones v. CZ Properties, LLC*,
    372 F. Supp. 2d 568 (C.D. Cal. 2005) .................................................................. 6

**STATE CASES**

*Kashani v. Tsann Kuen China Enterprise Co., Ltd.*,
    118 Cal. App. 4th 531 (2004) ................................................................................ 7

**FEDERAL STATUTES**

12 U.S.C.
    § 2614 .................................................................................................................... 5

28 U.S.C.
    § 84(c)(3) .............................................................................................................. 7
    § 1391(b) .............................................................................................................. 4
    § 1404(a) ..................................................................................................... 1, 4, 12

**STATE STATUTES**

Cal. Bus. & Prof. Code
    § 17200 .................................................................................................................. 7

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANTS' MOTION TO TRANSFER – CV-08-2460-EMC

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

First American[1] requests transfer of this action to the Western District of Washington pursuant to 28 U.S.C. §1404(a) for the convenience of the parties and witnesses and the interests of justice.

That district has the most significant contacts with the underlying transactions. Indeed Washington is the state where: (1) substantially all of the witnesses reside; (2) the vast majority of the pertinent evidence is located; (3) all of the breaches and statutory violations averred in the First Amended Complaint occurred; (4) each of the named plaintiffs resides; (5) the real estate that is involved in the transactions at issue is located; (6) the transactions occurred and (7) third party witnesses are located. At the same time, the facts averred in the FAC have no nexus whatsoever to the Northern District of California. The filing of this case in this Court seems to bear the hallmark of forum shopping[2]

The FAC avers that First American breached contracts and duties to each of the named plaintiffs and violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA") in connection with real estate closings. In addition, Plaintiffs purport to state a claim under California's § 17200 of the Business and Professions Code even though that statute can not be applied extraterritorially.

As noted in the enumeration above, all of the facts and witnesses germane to the FAC occurred and are resident in Washington. The only connection this case has with California is that Defendants are headquartered here. But First American's headquarters is not in this district; both of the defendant companies are

---

[1]  The defendant named as First American SMS, Inc., has changed its name to First American Professional Real Estate Services, Inc. (Schultz Decl. ¶ 2).

[2]  It is noteworthy that Plaintiffs' counsel filed two identical class actions against other national title insurance companies in federal court in the Western District of Washington. Mark Bushbeck et al. v. Chicago Title Insurance Co., Case No. 2:08-cv-00755-JLR and Frank Cornelius et al. v. Fidelity National Title Company, Case No. 2:08-cv-00754-MJP.

DEFENDANTS' MOTION TO TRANSFER – CV-08-2460-EMC

headquartered in the Central District of California, Santa Ana and Irvine respectfully (Rawlins Decl. ¶ 2; Schultz Decl. ¶ 2).[3]  Even Plaintiffs' lawyers are primarily located in Washington, and the only individual with any connection to the Northern District of California is the lawyer in Berkeley whom the Plaintiffs arranged to have on the pleadings in this case.

This case should be transferred to the district with the most significant connection to the case; that is, without a doubt, the Western District of Washington.

## II.    BACKGROUND

### A.    Plaintiffs' Real Estate Transactions

The FAC is brought by four individuals as plaintiffs: Daniel Jankanish, Heather Jankanish, David McFerrin, and Paige Perisich (FAC at 1).  All four named plaintiffs: (1) are citizens of the State of Washington (FAC ¶¶ 17-19); (2) closed on real estate transactions involving property in Washington (FAC ¶¶ 65, 82, 107, 127); and (3) each transaction closed and settlement took place in Washington (FAC ¶¶ 65, 82, 107, 127).

Specifically, David McFerrin ("McFerrin") avers that: he refinanced a mortgage on his home located in Tacoma, Washington on or about June 15, 2006 (FAC ¶ 65) and his settlement occurred in Maple Valley, Washington (FAC ¶ 65). Daniel and Heather Jankanish (the "Jankanishes") aver that they: refinanced a mortgage on their home located in Tacoma, Washington on or about February 9, 2007 (FAC ¶ 82); the settlement for this refinance occurred in Kent, Washington (FAC ¶ 82); sold a separate residence located in Tacoma, Washington on or about March 13, 2007 (FAC ¶ 107); the settlement for this real estate sale took place in Federal Way, Washington (FAC ¶ 107) and are still Washington residents (FAC ¶ 18).  Finally, Paige Perisich ("Perisich") avers that she: sold a home located in Renton, Washington on or about January 30, 2006 (FAC ¶ 127) and the settlement

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

---

[3]    The declarations of Brenda Rawlins and Charles Schultz are Exhibits A and B respectively.

1    for this real estate sale took place in Kent, Washington (FAC ¶ 127).

2    **B.    First American**

3    First American Title Insurance Company ("FATIC") is a national underwriter
4 of title insurance operating in 47 states and the District of Columbia (Rawlins Decl.
5 ¶ 2). FATIC is a California corporation with its principal place of business in Santa
6 Ana, California (Rawlins Decl. ¶ 2).

7    First American Professional Real Estate Services, Inc. ("FAPRS"), like
8 FATIC, is a subsidiary of First American Corporation. FAPRS performs various
9 settlement services, including the tracking and processing of reconveyances (Schultz
10 Decl. ¶ 3). FAPRS is a California corporation with its principal place of business in
11 Irvine, California (Schultz Decl. ¶ 3). The Talon Group ("Talon") is an
12 unincorporated division of FATIC and is not a separate legal entity (Rawlins Decl.
13 ¶ 2). Northwest Post Closing Center is a specific office of FATIC in Yakima,
14 Washington, and is not a separate legal entity (Rawlins Decl. ¶ 2).

15    The FAC avers that First American's involvement with the Plaintiffs' real
16 estate transactions occurred through their branch offices in the State of Washington
17 (FAC ¶¶ 65, 82, 107, 127). The First American, Talon, FAPRS, and Northwest Post
18 Closing Center employees with knowledge of this dispute are therefore also located
19 in Washington (Rawlins Decl. ¶¶ 7-9, 11-13, 15-17, 19-22).

20    **C.    Plaintiffs' Lack of Connection to California**

21    None of the four plaintiffs, nor their allegations, have anything to do with
22 California. It is undisputed that all four plaintiffs and their real estate are located in
23 Washington (FAC ¶¶ 65, 82, 107, 127). They are represented by three Seattle
24 lawyers and a single lawyer from Berkeley (FAC at 1). Pointedly, there is no
25 factual nexus between the events averred and California or the Northern District of
26 California.

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANTS' MOTION TO TRANSFER – CV-08-2460-EMC

# III.  ARGUMENT

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); <u>Meijer, Inc. v. Abbott Laboratories</u>, 544 F. Supp.2d 995, 998-99 (N.D. Cal. 2008). The party seeking a transfer under § 1404(a) bears the burden of demonstrating that the transferor forum is inappropriate. <u>E.g.</u>, <u>Los Angeles Memorial Coliseum Comm'n v. NFL</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981); <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1979). In considering a motion to transfer, this Court must find: (a) that the transferee court is one where the action "might have been brought," and (b) that the convenience of the parties and witnesses and [(c)] the interest of justice favor transfer. <u>Hatch v. Reliance Ins.</u>, 758 F.2d 409, 414 (9th Cir. 1985).

### A.  This Action Could Have Been Brought in the Western District of Washington.

As noted above, transfer under 28 U.S.C. 1404(a) requires that the transferee court be one where the action "might have been brought." <u>A.J. Industries, Inc. v. U.S. District Court</u>, 503 F. 2d 384, 386 (9th Cir. 1974) (<u>citing</u> <u>Hoffman v. Blaski</u>, 363 U.S. 335, 343-44 (1960)). In determining whether an action "might have been brought" in the proposed transferee court, the court considers whether the action could have been commenced in that district. <u>Hoffman</u>, 363 U.S. at 343-44. Unquestionably, Plaintiffs could have filed their Complaint in the Western District of Washington, where each Plaintiff resides. All of their transactions occurred there. First American transacts business there and would have been (and is) subject to personal jurisdiction in Washington (Rawlins Decl. ¶ 4; Schultz Decl. ¶ 2).

Venue is clearly also proper in the Western District of Washington. Under 28 U.S.C. § 1391(b), when jurisdiction is not solely based on diversity, venue is proper in any one of three districts: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise

to the complaint occurred, or (3) where any defendant may be found, if there is no other district in which the action may be brought.

Plaintiffs have asserted a federal question in their complaint; thus § 1391(b) governs the venue analysis. The Western District of Washington is a proper venue for this case under two separate prongs of § 1391(b). FATIC and FAPRS both reside in that district and thus venue is proper under § 1391(b)(1) (Rawlins Decl. ¶ 4; Schultz Decl. ¶ 2). The FAC also avers that nearly all of the events or omissions giving rise to the complaint occurred in the Western District of Washington; thus venue is proper under § 1391(b)(2) (see FAC ¶¶ 65, 82, 107, 127).

Further, Plaintiffs have asserted a RESPA claim, and the specific RESPA venue provision allows suit to be filed in the district where the real property at issue is located, which is the Western District of Washington. See 12 U.S.C. § 2614. Accordingly, Plaintiffs could have filed this suit in the Western District of Washington.

**B.     Convenience of All Favors Transfer**

Transfer is also appropriate because of the relative convenience of the parties and witnesses. Courts find that the convenience of the parties and the witnesses is the most important factor in the § 1404(a) calculus. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (case should be transferred to district where, among other things, majority of witnesses live and work and are subject to subpoena); A.J. Industries, Inc, 503 F.2d at 389. This includes not just the convenience of the Plaintiffs, but also of First American.

The convenience of the parties weighs overwhelmingly in favor of transfer. All four plaintiffs are Washington residents. A brief review of their real estate closing files reveals at least 11 different First American employees who would be witnesses in this action, and all of the First American offices and employees with relevant knowledge about this case are located in the Western District of Washington (see Rawlins Decl. ¶¶ 7-9, 11-13, 15-17, 19-21).

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

-5-

The standards applicable to a § 1404 motion are well known. A court's adjudication of a motion to transfer is based on a case-by-case consideration of the factors relating to convenience and fairness. <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 499 (9th Cir. 2000). In making its determination, a court must weigh multiple factors relating to the convenience of the parties and witnesses, including, but not limited to:

(1)    where the relevant agreements were negotiated and executed;

(2)    the state that is most familiar with the governing law;

(3)    the plaintiff's choice of forum;

(4)    the respective parties' contacts with the forum;

(5)    the contacts relating to the plaintiff's cause of action in the chosen forum;

(6)    the availability of compulsory process to compel attendance of unwilling non-party witnesses; and

(7)    the ease of access to sources of proof.

<u>Zeta-Jones v. CZ Properties, LLC</u>, 372 F. Supp.2d 568, 575-76 (C.D. Cal. 2005); <u>DirecTV, Inc. v. EQ Stuff, Inc.</u>, 207 F. Supp.2d 1077, 1082 (C.D. Cal. 1998).[4]

### 1.    The Relevant Agreements Were Negotiated in Washington

Plaintiffs' claims for breach of contract arise out of escrow instructions prepared in each of their real estate transactions (FAC ¶¶ 171-182). They also aver a breach of contract relating to the HUD-1 Settlement Statements prepared in connection with the closing of those transactions (FAC ¶¶ 183-191). These documents were prepared and executed in Washington. Also, the underlying real estate closings all took place in the Western District of Washington (FAC ¶¶ 65, 82, 107, 127).

---

[4]    The differences of costs of litigation in the two forums is also a factor listed in <u>Zeta-Jones</u>.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

## 2.    Washington Is Most Familiar With The Governing Law

Plaintiffs' FAC asserts ten causes of action (FAC at ii).  Counts I, II, VII, VIII, and IX are state common law claims, counts III, IV, V, and VI are RESPA claims.  Count X is a California state statutory claim under Cal. Bus. & Prof. Code § 17200 et seq.   The common law claims will necessarily be analyzed under Washington law.[5]  Either court would be equally familiar with the federal statutory law.  Although this Court might be more familiar with Plaintiffs' § 17200 claim, that is irrelevant because that claim is not cognizable.  Washington plaintiffs cannot sue under § 17200 for unfair business practices that occurred in Washington.  _E.g.,_ Churchill Village, L.L.C. v. Gen. Elec. Co., 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000) ("[S]ection 17200 does not support claims by non-California residents where none of the averred misconduct or injuries occurred in California").  Moreover, a non-California plaintiff cannot meet Section 17200's pleading requirements by alleging that: (1) "a company is headquartered or incorporated in California," In re: Wells Fargo Overtime Pay Litig., 2007 U.S. Dist. LEXIS 60551, at *9 (N.D. Cal. Aug. 16, 2007); or (2) a company transacts business in California, see In re Nat'l W. Life Ins. Deferred Annuities Litig., 467 F. Supp. 2d 1071, 1089 (S.D. Cal. 2006).

## 3.    Plaintiffs' Forum Choice Is Not Entitled to Deference

It is unclear why Plaintiffs chose this venue.  FATIC is a California corporation and is headquartered in Santa Ana, California (in Orange County) (Rawlins Decl. ¶ 2), and Santa Ana is not in this judicial district.  28 U.S.C. § 84(c)(3).  Likewise, FAPRS, a California corporation, is headquartered in Irvine, California, also in Orange County (Schultz Decl. ¶ 2) and the Central District of California.  28 U.S.C. § 84(c)(3).  Nevertheless, Plaintiffs will undoubtedly argue that their choice of California, and of the Northern District of California should be

---

[5] The breach of contract claim is related to contracts executed in Washington; therefore, the place of contracting provides the choice of law under California choice of law rules.  See Kashani v. Tsann Kuen China Enterprise Co., Ltd., 118 Cal. App.4th 531, 542 (2004).

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

accorded deference. Indeed, in an individual action, a plaintiff's choice of forum is usually accorded some deference. But this general rule has little application in a case like this, because where the "events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." Truserv Corp. v. Neff, 6 F. Supp.2d 790, 794 (N.D. Ill. 1998); see also Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981) (when plaintiff is foreign to forum state, choice deserves less deference); Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 481 (D. N.J. 1993) (giving less deference to plaintiff's choice of forum where central facts of suit occurred outside of forum state); Florens Container Co. v. Cho Yang Shipping, 245 F. Supp.2d 1086, 1092 (N.D. Cal. 2002) (if operative facts have not occurred within original forum and that forum has no interest in the parties or subject matter, plaintiff's choice is entitled to minimum consideration).

Additionally, the forum choice of proposed class representatives is given less weight in the Ninth Circuit. Lou, 834 F.2d at 739; see also Koster v. American Lumbermans Mut. Cas. Co., 330 U.S. 518, 524 (1947) (in derivative action with hundreds of plaintiffs, choice of forum by one named plaintiff is "considerably weakened").

### 4.    Plaintiffs' and Their Claims Have No Nexus With California

Plaintiffs have failed to aver any connection with the Northern District of California, either on their account, or on First American's. No party has any connection with the forum Plaintiffs have chosen. Instead, all parties have significant connection with the Western District of Washington. The convenience of the parties alone is cause to transfer this case there. Aside from all four plaintiffs residing there,[6] the First American witnesses with the most knowledge of the transactions at issue are all employed in that district (Rawlins Decl. ¶¶ 7-9, 11-13, 15-17, 19-21).

---

[6] Another consideration is whether all four named plaintiffs are willing to travel to the Northern District of California to have their depositions taken and to testify at any trial ultimately held in this case.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

Plaintiffs have averred that First American breached contracts and fiduciary duties to the Plaintiffs and violated RESPA by collecting unearned fees in connection with its service as an escrow provider (see FAC ¶ 6). Plaintiffs concede that the contracts at issue were negotiated and performed in the Western District of Washington, and the conduct giving rise to the averred breaches occurred in that district. Likewise, the real estate transactions in which they claim they were charged unearned fees all occurred in the Western District of Washington (FAC ¶¶ 65, 82, 107, 127). Plaintiffs do not aver any connection at all with the Northern District of California.

### 5.    Third-Party Witnesses Are in Washington

Courts have routinely determined that where witnesses would be required to travel a large distance to testify, transfer may be appropriate. See e.g., Matthews v. North Slope Borough, 646 F. Supp. 943 (D. Alaska 1986); Feldman Associates, Div. of Advertising & Design Services, Ltd. v. Lingard & Associates, Inc., 676 F. Supp. 877 (N.D. Ill. 1988). But, of course, not only is transfer appropriate based on the witnesses' convenience, but it is also appropriate because most, if not all, potential third-party witnesses live in Washington, and therefore would be outside the subpoena power of this California court. Moreover, it would not be possible to subpoena non-party witnesses living in the Seattle-Tacoma metropolitan area for trial in California. Numerous courts have held that the improbability of obtaining service of process on important witnesses is grounds for granting transfer of venue. See, e.g., Randall v. Jenkins, 271 F. Supp 904 (E.D. Pa. 1967); Commercial Solvents Corp. v. Liberty Mutual Ins., 371 F. Supp. 247 (S.D. N.Y. 1974); Vassallo v. Niedermeyer, 495 F. Supp. 757 (S.D. N.Y. 1980); So-Comm, Inc. v. Reynolds, 607 F. Supp. 663 (N.D. Ill. 1985) (fact that compulsory process was available with respect to more witnesses in proposed transferee district is factor which supports motion to transfer).

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

1   Such non-party witnesses include: the lender in the McFerrin transaction,
2   American Brokers Conduit, in Bellevue, Washington (Rawlins Decl. ¶ 7(a)); the
3   mortgage broker in the McFerrin transaction, Agape Home Mortgage, in Covington,
4   Washington (Rawlins Decl. ¶ 7(b)); the mortgage broker in the Jankanish refinance
5   transaction, Pacific Guarantee Mortgage, in Federal Way, Washington, who took the
6   loan application and brokered the transaction (Rawlins Decl. ¶ 11(a)); the lender in
7   the Jankanish sale transaction, Countrywide Home Loans, also in Federal Way,
8   Washington (Rawlins Decl. ¶ 15(a)), the lender in the Perisich transaction, First
9   Horizon Corporation, in Lynnwood, Washington (Rawlins Decl. ¶ 19(a)); and the
10  mortgage broker in the Perisich transaction, Elliot Bay Mortgage, in Bellevue,
11  Washington (Rawlins Decl. ¶ 19(b)).

### 6. Proofs Are All Located in Washington

13  Finally, as with non-party witnesses, the documentary evidence is centralized
14  in Washington as well.  Relevant documents are located in Washington, such as
15  Plaintiffs' escrow files, and documents relating to the fees and costs that the
16  Plaintiffs were charged for their closing (Rawlins Decl. ¶ 5).  Documents from the
17  witnesses above, the lenders and mortgage brokers involved in the Plaintiffs'
18  transactions are also located in Washington (see Rawlins Decl. ¶¶ 7, 11, 15, 19).
19  Documents from the banks who held the Plaintiffs' escrow accounts are also located
20  in Washington (see Rawlins Decl. ¶ 23).

### C. The Interests of Justice Mandate Transfer

22  The final factor the Court must consider is the public interest, namely,
23  whether a transfer would serve the interests of justice.  When weighing the public
24  interest, a court must "consider the locus of the averred culpable conduct, … and the
25  connection of the conduct to the plaintiff's chosen forum." Ricoh, 817 F. Supp. at
26  486.  As numerous courts have recognized, a district where the conduct underlying
27  the lawsuit occurs has a greater interest in adjudicating the controversy.  See
28  Carolina Casualty Co. v. Data Broadcasting Corp., 158 F. Supp.2d 1044, 1048 (N.D.

-10-

Cal. 2001).

In addition to a court's interest in adjudicating an action arising from conduct in its district, the burden of jury duty "ought not to be imposed upon the people of a community which has no relation to the litigation." Ricoh, 817 F. Supp. at 486 (quoting Ferens v. John Deere Co., 494 U.S. 516, 529-30) (1990)); see also Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 991 (E.D. N.Y. 1991) ("it is more appropriate for this case to be tried to a jury selected from residents of the state having the most interest in this litigation, namely, where the accident occurred"). Because this action involves Washington residents, Washington real estate, and Washington contracts, not only does Washington have a greater interest in adjudicating the action than California, but it is more appropriate for Washington's citizens to shoulder the burden of jury duty in this case.

The last public interest issue is the relative docket congestion of the courts. According to the Federal Court Management Statistics for 2007, the median time from filing to trial of a civil case was 24.9 months in the Northern District of California and 18.0 months in the Western District of Washington.[7] This factor also weighs in favor of transfer.

### IV.    CONCLUSION

For all of these reasons, First American respectfully asks this Court to transfer this action to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

Dated:    July 3, 2008        Respectfully submitted,

BRYAN CAVE LLP

By: _____
James Goldberg
Attorneys for Defendants
First American Title Insurance Company
and First American Professional Real Estate
Services, Inc.

---

[7] This information is available online at http://www.uscourts.gov/cgi-bin/cmsd2007.pl

-11-

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1420
SAN FRANCISCO, CALIFORNIA 94111

EXHIBIT A

1  **BRYAN CAVE LLP**
   James Goldberg (SBN 107990;
2  james.goldberg@bryancave.com)
   Stephanie Blazewicz (SBN 240359;
3  stephanie.blazewicz@bryancave.com)
   Two Embarcadero Center, Suite 1410
4  San Francisco, California  94111
   Telephone:    (415) 675-3400
5  Facsimile:    (415) 675-3434

6  Attorneys for Defendants
   First American Title Insurance Company and
7  First American Professional Real Estate
   Services, Inc.

8

9              IN THE UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

| | |
|---|---|
| 12  DANIEL JANKANISH and HEATHER JANKANISH, a married couple, and DAVID L. MCFERRIN, and PAIGE PERISICH, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>       v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN SMS, INC. a/k/a SMS SETTLEMENT SERVICES,<br><br>                    Defendants. | Case No. CV-08-2460-EMC<br><br>**DECLARATION OF BRENDA RAWLINS IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>[Filed concurrently with Notice of Motion and Motion to Transfer and Points and Authorities in Support of Motion to Transfer]<br><br>Hearing Date:   August 11, 2008<br>Time:           9:00 a.m.<br>Courtroom:      _____, __ Floor<br>Judge: Honorable _____<br><br>Complaint Filed:  May 14, 2008 |

*(sidebar, left margin)* BRYAN CAVE LLP
1900 MAIN STREET, SUITE 700
IRVINE, CALIFORNIA 92614

## DECLARATION OF BRENDA RAWLINS

I, Brenda Rawlins, declare as follows:

1. I am currently the Washington State Manager for First American Title Insurance Company ("FATIC"). In that position, I am responsible for the Washington State direct operations; that is, the sale of title insurance policies by the company without the involvement of an agent. I am familiar with the FATIC's organization and operations in Washington.

2. FATIC is a California corporation with its headquarters and principal place of business at 1 First American Way, Santa Ana, California 92707, which is in Orange County. It is a national underwriter of title insurance and issues title policies in 47 states and the District of Columbia. The Talon Group is an unincorporated division of FATIC and is not a separate legal entity. Northwest Post Closing Center is part of FATIC and has offices located in Yakima and Tacoma, Washington; it is not a separate legal or business entity. Northwest Post Closing Center was created in 2006.

3. The manager of the Northwest Post Closing Center offices in Washington reports directly to me, and has done so from the date of its inception to the present.

4. FATIC has multiple offices in, and it is registered to do and does business in the State of Washington. It is decentralized in its operations, and the type of individual residential real estate settlement and escrow functions described in the First Amended Complaint in this case would not have required the involvement of personnel in the principal office of FATIC in Southern California. Indeed, as described below, Plaintiffs' transactions were all handled entirely in the State of Washington.

5. In the regular course of its business, FATIC keeps copies of real estate closing and escrow files for transactions involving real estate in Washington at the direct operations office that handled the transaction and electronically in FATIC's FAST electronic depository system. The data for Plaintiffs' transactions all originated in Washington and is retrievable there.

## MCFERRIN TRANSACTION

6. I have reviewed the real estate closing file for the McFerrin transaction referenced at paragraph 65 of Plaintiffs' First Amended Complaint (the "McFerrin Transaction") that was

BRYAN CAVE LLP
1900 MAIN STREET, SUITE 700
IRVINE, CALIFORNIA 92614

1 | kept in the ordinary course of business.

2 |        7.  This closing file indicates that:

3 |            a.  the lender in the McFerrin Transaction was American Brokers Conduit,

4 |               1715 114th Avenue, Suite 105, Bellevue, Washington 98438.

5 |            b.  the mortgage broker in the McFerrin Transaction was Agape Home

6 |               Mortgage, 16512 SE 263rd Street, Covington, Washington 98042.

7 |            c.  Stacey Miller, Escrow Officer, and Stephanie Miller, Escrow Assistant,

8 |               were the FATIC employees involved with the escrow for the McFerrin

9 |               transaction.

10 |            d.  Lisa Polosky, Title Officer, and Cathy Tiedeman, Title Assistant, were the

11 |               FATIC employees involved with the issuance of title insurance for the

12 |               McFerrin transaction.

13 |        8.  Stacey and Stephanie Miller are both citizens of Washington.  Stacey Miller is

14 | employed at FATIC's office at 555 South Renton Village Place, Renton, Washington.

15 |        9.  Lisa Polosky and Cathy Tiedeman are both citizens of Washington.  Lisa Polosky

16 | is employed at FATIC's office at 3866 S. 74th Street, Tacoma, Washington 98409.

17 | **JANKANISH REFINANCE TRANSACTION**

18 |        10. I have reviewed the real estate closing file for the Jankanish refinance transaction

19 | referenced at paragraph 82 of Plaintiffs' First Amended Complaint (the "Jankanish Refinance

20 | Transaction") that was kept in the ordinary course of business.

21 |        11. This closing file indicates that:

22 |            a.  the mortgage broker who took the Jankanishes' loan application was Pacific

23 |               Guarantee Mortgage, 716 South 348th Street, Federal Way, Washington

24 |               98003.

25 |            b.  the FATIC (Talon) employee and escrow officer for the Jankanish

26 |               Refinance Transaction was Rosie Bechara.

27 |            c.  the FATIC (Talon) employees and title officers for the Jankanish Refinance

28 |               Transaction were H. Denese Montgomery and Tim Daniels.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

-2-

12. Ms. Bechara is a citizen of Washington.

13. Ms. Montgomery and Mr. Daniels are citizens of Washington and employed at FATIC's (Talon's) office at 11400 SE 8th Street, Suite 250, Bellevue, Washington 98004.

### JANKANISH SALE TRANSACTION

14. I have reviewed the real estate closing file for the Jankanish sale transaction referenced at paragraph 107 of Plaintiffs' First Amended Complaint (the "Jankanish Sale Transaction") that was kept in the ordinary course of business.

15. This closing file indicates that:

    a.  the lender in that transaction was Countrywide Home Loans, Inc., 32001 32nd Avenue S, Suite 110, Federal Way, Washington 98001-9601.

    b.  Christina Nordyke, Escrow Officer, and Julie Bruso, Escrow Assistant, were the FATIC employees involved with the escrow for the Jankanish Sale Transaction.

    c.  Lisa Polosky, Title Officer, and Susan Harrell, Title Assistant, were the FATIC employees involved with the issuance of title insurance by FATIC for the McFerrin transaction. .

    d.  Northwest Post Closing Center, the branch of FATIC that performed the reconveyancing and tracking for the Jankanish Sale Transaction, is located at 212 N. Naches Avenue, Yakima, Washington 98901.

16. Christina Nordyke and Julie Bruso are Washington citizens and employed at FATIC's office at 33600 Sixth Avenue S., Suite 105, Federal Way, Washington 98003.

17. Lisa Polosky and Susan Harrell are Washington citizens. Lisa Polosky is employed at FATIC's office at 3866 S. 74th Street, Tacoma, Washington 98409.

### PERISICH TRANSACTION

18. I have reviewed the real estate closing file for the Perisich transaction referenced at paragraph 127 of Plaintiffs' First Amended Complaint (the "Perisich Transaction") that was kept in the ordinary course of business.

19. This closing file indicates that:

-3-

a. The lender in that transaction was First Horizon Corporation, 3400 188th Street SW, Suite 404, Lynnwood, Washington 98037.

b. The mortgage broker in that transaction was Elliot Bay Mortgage, 11100 NE 8th Street, Suite 950, Bellevue, Washington 98004.

c. Renee Calonge was the escrow officer involved with the escrow in the Perisich transaction.

d. Tim Daniels was the title officer involved with the escrow in the Perisich transaction.

20. Renee Calonge is a Washington citizen and is employed at FATIC's (Talon's) office at 11400 SE 8th Street, Suite 250, Bellevue, Washington 98004..

21. Tim Daniels is a Washington citizen and is employed at FATIC's (Talon's) office at 11400 SE 8th Street, Suite 250, Bellevue, Washington 98004.

22. All of the FATIC employees involved in the McFerrin, Perisich, and two Jankanish transactions are located in Washington. These employees would have been involved in the escrow transactions themselves as well as the charging of wire or express fees, if any.

23. The banks in which the escrowed funds for the McFerrin, Perisich, and Jankanish transactions were held are also located in Washington.

24. All of the information concerning the McFerrin, Perisich, and Jankanish transactions are located in Washington. The persons who have knowledge concerning these transactions and the business practices of FATIC in Washington are all located in Washington. Conversely, there are no documents or witnesses concerning these transactions located in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _1st_ day of July, 2008, at Seattle, Washington.

*Brenda Rawlins*

Brenda Rawlins

EXHIBIT B

**BRYAN CAVE LLP**
James Goldberg (SBN 107990;
james.goldberg@bryancave.com)
Stephanie Blazewicz (SBN 240359;
stephanie.blazewicz@bryancave.com)
Two Embarcadero Center, Suite 1410
San Francisco, California  94111
Telephone:     (415) 675-3400
Facsimile:     (415) 675-3434

Attorneys for Defendants
First American Title Insurance Company and
First American Professional Real Estate
Services, Inc.

## IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL JANKANISH and HEATHER JANKANISH, a married couple, DAVID L. MCFERRIN, and PAIGE PERISICH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN SMS, INC. a/k/a SMS SETTLEMENT SERVICES,<br><br>    Defendants. | Case No. CV-08-2460-EMC<br><br>**DECLARATION OF CHARLES SCHULTZ IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>[Filed concurrently with Notice of Motion and Motion to Transfer and Points and Authorities in Support of Motion to Transfer]<br><br>Hearing Date:     August 11, 2008<br>Time:                     9:00 a.m.<br>Courtroom:           _____, __ Floor<br>Judge:  Honorable _____<br><br>Complaint Filed:  May 14, 2008 |

BRYAN CAVE LLP
1900 MAIN STREET, SUITE 700
IRVINE, CALIFORNIA 92614

## DECLARATION OF CHARLES SCHULTZ

I, Charles Schultz, declare as follows:

    1.  I am Vice-President of Business Development for First American Professional Real Estate Services, Inc., formerly known as First American SMS, Inc. ["FAPRS"].  In that position, I am familiar with the company's organization and operations in California and Washington.  I am a resident of Washington State and work at the company's office in Lakewood, Washington.

    2.  FAPRS is a California corporation with its principal place of business at 200 Commerce, Irvine, California 92602, which is in Orange County.  FAPRS was formerly known as First American SMS, Inc. and changed its name in late 2007.  FAPRS has offices in, and it is registered to do and does business in Washington.

    3.  FAPRS provides a variety of services useful to attorneys, title agents, and escrow companies involved in real estate transactions.  One such service is reconveyance tracking, where FAPRS monitors whether the proper documents have been recorded to release prior mortgage liens that are paid off as part of a real estate transaction and, if necessary, follows up with the appropriate parties to obtain such documents and assure that they are recorded.

    4.  During the time frame of the real estate transactions described in the First Amended Complaint, all reconveyance tracking services provided by FAPRS with respect to property in Washington state were handled by FAPRS employees located in Yakima, Washington, and would not have required the involvement of personnel in its principal office in Southern California.

    5.  All of the data that FAPRS used to perform its services in connection with Plaintiffs' transactions described in the First Amended Complaint originated in the State of Washington.  FAPRS does not maintain records on these transactions in the Northern District of California.  The persons who actually and directly performed the reconveyance tracking operations for Plaintiffs' transactions were located in Washington.  All reconveyance tracking operations (i.e., mailings, telephone calls, documents, record-keeping, etc.) were conducted in Washington by personnel located in Washington.

///

///

BRYAN CAVE LLP
1900 MAIN STREET, SUITE 700
IRVINE, CALIFORNIA 92614

Bryan Cave LLP
Two Embarcadero Center, Suite 1410
San Francisco, California 94111

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___1st___ day of July, 2008, at Lakewood, Washington.

**BRYAN CAVE LLP**
James Goldberg (SBN 107990;
james.goldberg@bryancave.com)
Stephanie Blazewicz (SBN 240359;
stephanie.blazewicz@bryancave.com)
Two Embarcadero Center, Suite 1420
San Francisco, California 94111
Phone:  415-675-3400
Fax:     415-675-3434

Attorneys for Defendants
First American Title Insurance Company
First American SMS, Inc. a/k/a SMS Settlement Services

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JANKANISH and HEATHER JANKANISH, a married couple, DAVID MCFERRIN, and PAIGE L. PERISICH, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN SMS, INC., aka SMS SETTLEMENT SERVICES<br><br>　　　　Defendants. | Case No. CV 08 2460 EMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER ACTION TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, PURSUANT TO 28 U.S.C. § 1404 (a)**<br><br>Hearing Date:　　August 11, 2008<br>Time:　　　9:00 a.m.<br>Courtroom:　　　,　　Floor<br>Judge: Honorable<br><br>Complaint Filed: May 14, 2008 |

THE COURT, having read and considered the papers filed by Defendants in support of their motion for transfer pursuant to 28 U.S.C. § 1404 (a), having read and considered those papers filed in opposition thereto, having heard the oral argument of counsel and good cause appearing, HEREBY ORDERS THAT:

This action is transferred to the U.S. District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1404 (a).

Dated:  August ___, 2008

_____
U.S. District Judge